## TOWN OF KING v. LOUIS BREKKE.[1]

March 31, 1922.

No. 22,629.

**Landowner must not injure his neighbor in draining surface water.**

1. In ridding his land of surface water for the purpose of drainage, the owner must do so in such a manner as not to unreasonably or unnecessarily injure his neighbor, and in doing so it is his duty to turn it into some natural channel, if one is reasonably accessible.

**Rights and duties of upper and lower landowners similar.**

2. The owner of lower land has no more right, in dealing with surface water for the purpose of drainage, to cast it back upon his upper neighbor, than an upper owner has to change or divert it to the prejudice of his lower neighbor.

**Drain—owner must use natural depression on his land when possible.**

3. Where there is a natural depression which affords a flowage for the water over the owner's land to a proper outlet on the land of another, the owner must follow such depression in ridding his land of the water, even though the depression does not amount to what is known as a swale, there being no other drainage into which the water could more reasonably be turned.

**Defendant's disposition of surface water unreasonable.**

4. Under the conditions in the case at bar it cannot be fairly said that, in disposing of the surface water, the course pursued by defendant was expedient or reasonable.

Action in the district court for Polk county to restrain defendant from obstructing a watercourse and for $100 damages. The case was tried before Watts, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Charles Loring* and *G. A. Youngquist,* for appellant.

*F. A. Grady,* for respondent.

[1]Reported in 187 N. W. 515.

QUINN, J.

Appeal by plaintiff from a judgment in favor of defendant. The action was brought by the township of King to restrain defendant from maintaining a dike along the north side of one of its public highways, thereby flooding the same and rendering it impassable.

Defendant owns the northwest quarter of section 26 in the plaintiff township. For more than 20 years there has been a public highway, worked and traveled by the public, upon and along the east and west quarter line of the section. There is a marsh covering about 35 acres in the southwest quarter of the southwest quarter of the section. There is also a natural depression amounting to less than a swale extending from the southwest quarter of the southwest quarter northwesterly to and across the highway at a point about 50 rods east from the southwest corner of defendant's land, thence in a northwesterly direction across his land to the brink of a gully, which carries the surface water from the marsh in the southwest quarter to its natural outlet in the gully.

In 1902 the township caused a bridge to be constructed in the highway where the depression crosses it, for the purpose of allowing the surface water to pass unobstructed. It has also otherwise expended money in the way of improving the highway at this point. It is necessary that the surface water at this place be unobstructed, so as to allow the same to escape in its natural way over the depression referred to.

During the fall of 1916 defendant constructed a dike 2½ feet high and 35 feet long upon his land immediately to the north of the highway opposite the bridge, which, in effect, dammed the surface water flowing under the bridge so as to cause it to back up and overflow a part of the highway, thereby rendering it impassable and unfit for travel.

The trial court found as a matter of fact that this depression upon defendant's land was not a watercourse or coulee, but a mere depression not more than 2½ feet below the general level of the adjoining prairie; that it was without defined banks upon defendant's land and constituted a natural course for the flowage of surface water

from the lands adjoining on the south; that the depression continues to a small slough on defendant's land covering about 1½ acres, and then on to its outlet in the gully; that the surface water from all of defendant's land, except the northwest part thereof, drains into this small slough, and that at times of high water the surface waters flowing from the southwest quarter of the section increase the area of the slough by about one-half acre; that in April, 1917, plaintiff cut through the dike and that defendant shortly thereafter restored the same; that defendant threatens to and will, unless restrained by order of the court, continue to maintain said dike and cause damage to plaintiff, for which it has no remedy at law. The court further found that defendant was damaged by reason of plaintiff's wrongful cutting of the dike in the sum of $40, and that defendant is entitled to judgment dismissing the action so far as any claim of plaintiff against him is made and for judgment against the plaintiff in the sum of $40 damages, with costs and disbursements.

But one question is presented by this appeal, and that is whether the findings of fact justify the conclusions of law and order for judgment. We answer the query in the negative.

That the water is strictly surface water and that if allowed to flow in its natural course to the gully it would damage defendant's land but a trifle, is very clear. It is also clear that if the dike be maintained it will obstruct such natural flow and in times of freshets cause the surface water to back up over the highway, not only to the plaintiff's damage in a substantial way, but it would also seriously interfere with the use of the highway by the public in general. If so obstructed the water will remain in the highway until it evaporates or is absorbed by the soil. The case comes squarely within the rule announced in Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L. R. A. 632. The owner of lower land has no more right, in dealing with surface water for the purpose of drainage, to cast it back upon his upper neighbor in times of freshets by means of a dike, than an upper owner has to change or divert it to the prejudice of his lower neighbor. There is no difference in principle. The obstruction complained of in no way aids the natural flow of surface water. It simply casts the water back onto the highway or upper

land, without any means of escape except by absorption or evaporation. Nor does it in any way aid in the drainage of defendant's premises, except that in times of freshets it prevents the surface water coming across the highway from increasing the area of the little slough to the extent of about half an acre.

The surface water naturally flowing from the south over this depression onto defendant's premises becomes an incident to his ownership thereof, and if he wishes to rid his land of the water he must do so in the usual way and so as not to unnecessarily or unreasonably injure his neighbor. It is his duty to continue the water in a natural channel, if there be one accessible, even though it is thereby conveyed to the land of another. Where, as in this case, there is a natural depression which affords a flowage for the water over the owner's land to a proper outlet on the land of another, the other must follow such depression in ridding his land of the water, even though the depression does not amount to what is known as a swale, there being no other drainage into which the water could more reasonably be turned. In its course across defendant's premises the depression referred to intercepts the little slough and conducts therefrom surface water on its way to the outlet or gully on the land of the lower owner. Under these existing conditions it cannot be fairly said that in disposing of the surface water the course pursued by defendant was expedient or reasonable when considered in connection with the benefits and damages resulting therefrom. We are of opinion that the injunction asked for should have been granted.

Judgment reversed.